### CITY OF NEW YORK v. DOWD LUMBER CO. et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. MUNICIPAL CORPORATIONS (§ 242*)—BIDS FOR PUBLIC WORK—FAILURE TO ENTER INTO CONTRACT—DEFENSE—EVIDENCE.

In an action on a bond of a bidder for city work, based on his failure to enter into the contract awarded to him as the lowest bidder, a claim by defendants that there was a clerical error in the bid was not supported, where the evidence did not show that the mistake was pointed out before the bids were opened, and where there was no claim of mistake until after the bids were opened, when it could be determined that the defendants' bid was lowest, even admitting the claim of mistake.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 242.*]

2. TRIAL (§ 139*)—DISMISSAL AT TRIAL—EVIDENCE.

In an action on a formal written contract made by defendants, they must establish a state of facts which will relieve them from their apparent liability thereon before they are in a position to ask for a dismissal of the complaint.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332–341; Dec. Dig. § 139.*]

Appeal from Trial Term, New York County.

Action by the City of New York against the Dowd Lumber Company and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Terence Farley (Theodore Connoly, on the brief), for appellant.
Thomas Gilleran (Moses Jaffe, on the brief), for respondents.

LAUGHLIN, J. The department of docks and ferries of the city of New York, pursuant to the provisions of section 419 of the Revised Charter, duly advertised for bids for furnishing to said department

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

certain labor and material, including various kinds of lumber. It was expressly provided in the advertisement for proposals as follows:

"The bidder will state the price of each item or article contained in the specifications or schedules herein contained or hereto annexed, per pound, ton, dozen, gallon, yard, or other unit of measure. The extensions must be made and footed up, as the bids will be read from the total for each class and awards made to the lowest bidder in each class."

The defendant lumber company submitted a proposal pursuant to the advertisement for bids, in which it was recited, in effect, that it would furnish all of the material required in "Class III" of the supplies, which embraces the lumber, for "the sum of ten thousand seven hundred and seventy-six and 50/100 dollars ($10,776.50)," which was the amount shown by the extensions and footed up on the proposal before the same was submitted. Pursuant to the requirements of the advertisement, the bidder submitted with its proposal a bond, executed by the defendants Hollender and Everhart, as sureties, conditioned that if the contract should be awarded to the bidder, and he should omit or refuse to execute it within five days after written notice that it was ready for execution, the defendants would pay to the plaintiff, without proof of notice or demand, in substance, any difference between the amount of the bid and the sum which the city should be obliged to pay for the material on a subsequent letting. On opening the bids, that of the defendant lumber company was found to be the lowest, and the contract was duly awarded to it. The company, on due notice, failed to execute the contract, and the city readvertised for the material, and let the contract to the lowest bidder on such readvertising, and was obliged to pay the sum of $4,467 in excess of the amount of the defendant lumber company's bid. The action is on the bond to recover that amount. Upon the trial the plaintiff gave evidence tending to establish these facts and sufficient to warrant findings thereon in its favor. At the close of the plaintiff's case, its complaint was dismissed.

The only theory for the dismissal disclosed by the record is the fact that the lumber company and its sureties answered separately, and each pleaded that a mistake was made by the bidder in the proposal in carrying out the total price of spruce lumber, by which the gross amount for which the bidder offered to furnish the material was reduced by the sum of $4,466 below the amount intended. This mistake was claimed in 5 of the 28 items contained in the proposal. In about the middle of the proposal, under the heading "No. of Pieces," there were 5 items calling for spruce lumber of different dimensions, the first calling for "3,000 pieces," and opposite this was ".35¢" under the heading "Price per Unit," and carried out on the same line under a heading "Extension" were the figures "105–." In getting at the total of the bid, the amounts under the heading "Extension" were added. It is claimed that it was apparent that this was a clerical error, and that it should have been $1,050, which would be the cost of 3,000 pieces at 35 cents per piece. The alleged mistake with respect to the other four items is of the same nature; it being claimed that the figures "189," "99," and "40," in the extension column, meaning dollars, should have been respectively. "1,890," "990," and "400," which would

be the figures, if it was intended to compute the price on the basis of the figures given for the material in the column headed "Price per Unit."

There is no proof of the fact that these figures were thus inserted by mistake. It does appear that after the proposals were opened, and before the contract was awarded, a representative of the Dowd Lumber Company claimed that a mistake had been made in this regard, and pointed out these items. If the lumber company's bid were changed in accordance with what the defendants now claim it was intended to be, it would be for $15,243.50, which would be just $19.83 less than the next lowest proposal received at the time. It appears that no claim with respect to a mistake was made until after the bids were opened, when it could be determined that the bid of the Dowd Lumber Company, even on its claim with respect to the mistake, would have been the lowest. Whether the Dowd Lumber Company would have insisted upon the alleged mistake, if correcting it would have made its bid higher than the next lowest bid, so that it would not have been entitled to the contract, does not appear, and probably it would not be competent to show that fact; but it is well known that this is a method frequently resorted to by contractors for the purpose of securing a contract in any event.

The plaintiff brings this action on a formal contract in writing, made by the defendants, and it is necessary for them to establish a state of facts which will relieve them from their apparent liability thereon before they are in a position to ask for a dismissal of the complaint. Inasmuch as it was assumed, without proof, that there was a mistake in the proposal, no question is presented for decision with respect to the sufficiency of the counterclaim interposed by the defendants for a reformation of the bid, or as to whether they may, in any event, become entitled to such relief.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.